IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

DWAYNE C. EDWARDS,　　　　　　　　　　PLAINTIFF
on behalf of himself and
others similarly situated,

　　　　　　　　　　　　　　　　　　　　　3:16-cv-06671
v.　　　　　　　　　　　　　CIVIL ACTION NO.: 16-cv-_____

BAILES, CRAIG & YON, PLLC,　　　　　　　DEFENDANT

# CLASS ACTION COMPLAINT

## Parties

1. The Plaintiff, Dwayne C. Edwards is a resident of Prichard, West Virginia.

2. The Defendant, Bailes, Craig & Yon, P.L.L.C., (herein "BCY") is a professional limited liability company with its principal offices located at 401 10th Street, Suite 500, Huntington, Cabell County, West Virginia with its Chief Operating Officer located at the same address, and which does business in West Virginia.

## Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's allegations present a federal question pursuant to the federal Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et seq*.

4. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1), as Defendant's principal place of business and officers reside in Cabell County, West Virginia.

## Factual Background

5. After the Plaintiff became in arrears upon an alleged indebtedness to Cabell Huntington Hospital, Inc, Cabell Huntington Hospital placed Plaintiff's indebtedness with the Defendant to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications, and by otherwise communicating with Plaintiff to collect the alleged debt.

6. Defendant BCY mailed Plaintiff an initial communication letter that only provided Plaintiff with fourteen days to dispute the alleged debt.

7. Defendant BCY stated: "If you do not give us written notice of any dispute as to the validity of this debt or make arrangements for payment within fourteen (14) days of the receipt of this letter, legal action may be commenced against you without further notice." Exhibit 1.

8. Defendant BCY failed to send Plaintiff a 30-day validation notice within five days of its initial communication with Plaintiff.

9. Defendant BCY's letter constituted a collection ploy, using the threat of a legal action as a blunt force weapon to coerce the Plaintiff's payment of an alleged debt.

10. In addition to only allowing the Plaintiff fourteen days to dispute the validity of the debt, Defendant BCY demanded *written* notice of any dispute regarding the validity of the debt.

11. Defendant BCY threatened that Plaintiff would be responsible not only for the full amount of this debt, but also for additional costs.

12. Defendant failed to inform Plaintiff in writing that it would obtain verification of the debt and provide it to Plaintiff if Plaintiff so requested in writing.

13. Defendant failed to inform Plaintiff in writing that debt collection efforts would cease until the debt was verified if Plaintiff so requested in writing.

14. Defendant's conduct is of a kind which has the natural consequence of causing harassment, oppression, abuse, aggravation, annoyance, and inconvenience of which the Defendants knew or reasonably should have known would be the natural consequences of said conduct. Accordingly, where intent or willfulness is required to hold Defendant liable for their conduct, intent or willfulness may be implied by the nature of said conduct.

15. Defendant's conduct as set forth herein have caused the Plaintiff undue and unreasonable harassment, oppression, abuse, aggravation, annoyance, and inconvenience by having to bring suit due to the illegal conduct of the Defendant.

16. Plaintiff has suffered as a result of the stress caused by the harassment, oppression abuse, aggravation, annoyance, and inconvenience caused by the Defendant.

### COUNT I

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

17. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

18. The Plaintiff is a "person" who falls under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

19. The Defendant, BCY, is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122© within the State of West Virginia.

20. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a. attempting to collect a debt by threats in violation of *West Virginia Code* §46A-2-124 by threatening legal action without notice after fourteen days;

    b. threatening to take any action prohibited by this chapter or other law regulating the debt collector's conduct under 15 U.S.C. § 1692 in violation of *West Virginia Code* §46A-2-124(f) by threatening to take legal action after failing to properly inform Plaintiff of his validation rights;

    c. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt in violation of *West Virginia Code* §46A-2-125;

    d. utilizing fraudulent, deceptive or misleading representations or means in an attempt to collect a debt, including the failure to inform Plaintiff of her rights to validation

and verification of the alleged debt in Defendant's initial communication with Plaintiff, in violation of *West Virginia Code* §46A-2-127; and

 e. using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128.

21. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

22. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

23. The Plaintiff is a "consumer" who falls under the protection of 15 U.S.C. 1692a(3) (herein "FDCPA") and is entitled to the remedies set forth in Section 1692k of the FDCPA.

24. The Defendant, BCY, is a debt collector as defined by 1692a(6) of the FDCPA engaging directly or indirectly in debt collection within the State of West Virginia.

25. The Defendant has engaged in repeated violations of 1692 of the *Fair Debt Collection Practices Act*, including but not limited to,

 a. failing to notify Plaintiff within five days after its initial communication in writing of Plaintiff's rights to seek validation of the debt in violation of 15 U.S.C. 1692g(a);

 b. failing to provide Plaintiff a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof,

the debt will be assumed to be valid by the debt collector and instead providing Plaintiff with only fourteen (14) days and requiring written notice in violation of 15 U.S.C. 1692g(a)(3);

    c. failing to provide Plaintiff a statement that if the Plaintiff notifies the Defendant in writing within the validation period that the debt is disputed, then Defendant would obtain verification of the debt and provide such verification to Plaintiff in violation of 15 U.S.C. 1692g(a)(4);

    d. failing to provide Plaintiff a statement that it would cease collection efforts if the Plaintiff notifies the Defendant in writing within the validation period that the debt is disputed in violation of 15 U.S.C. 1692g(b);

    e. engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. 1692d;

    f. using deceptive or misleading representations or means in an attempt to collect a debt or to obtain information concerning a consumer in violation of 15 U.S.C. 1692e; and

    g. using unfair and/or unconscionable means to collect a debt from Plaintiff in violation of 15 U.S.C. 1692f.

26. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III

### *CLASS CLAIMS FOR RELIEF*

27. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

28. This action is also filed as a class action. Plaintiff, serving as class representative, tentatively defines the class and subclass as follows:

(A) all consumers who were mailed letters of the type attached hereto as Exhibit 1 or substantial equivalents, in an attempt to collect a claim owed by a consumer at any time within one year prior to the filing of this civil action (which letters were not returned by the United States Post Office as undeliverable), and who have not previously filed an individual civil action alleging a similar violation of West Virginia or federal law.

(B) All West Virginia consumers who were mailed letters of the type attached hereto as Exhibit 1 or substantial equivalents, in an attempt to collect a claim owed by a consumer at any time within four years prior to the filing of this civil action (which letters were not returned by the United States Post Office as undeliverable), and who have not previously filed an individual civil action alleging a similar violation of West Virginia or federal law.

29. Plaintiff reserves the right to refine the class definition in light of discovery and additional investigation.

30. The putative class is so numerous that joinder of all members is impractical.

31. There are questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members.

32. The principal common issues involve whether Defendant Bailes, Craig & Yon's conduct regarding the aforementioned letter(s) constitutes a violation of the unfair debt collection practices provisions of the WVCCPA and FDCPA.

33. Plaintiff's claims are typical of those of the putative class and said claims are based on the same legal and factual theories.

34. Plaintiff will fairly and adequately protect the interests of the class. He has suffered pecuniary injury as a result of Defendant's actions and will, accordingly, vigorously litigate this matter. Plaintiff is greatly annoyed at being the victim of Defendant's illegal and fraudulent conduct and wishes to see that wrong remedied. To that end, Plaintiff has hired counsel experienced in claims involving unfair business practices.

35. Neither the Plaintiff nor his counsel has any interest that might prevent them from vigorously pursuing this claim.

36. A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

37. The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendant is small given the fact that they are unlikely to be aware of their legal rights and the amount of statutory or actual damages in an individual action is relatively small.

38. The management of this class claim is likely to present significantly fewer difficulties that those presented in many larger, and more complex, class actions.

39. As a proximate and/or foreseeable result of Defendant's wrongful conduct, each member of the putative class has suffered actual and/or statutory damages.

### DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

A. Actual damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) and as authorized by 15 U.S.C. 1692k(a)(1) for all such violations that occurred up to the date and time of the filing of this complaint;

B. Statutory damages for Plaintiff and each member of the putative class in the maximum amount authorized by 15 U.S.C. 1692k(a)(2)(A)-(B) and authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C. Plaintiff's and each member of the putative class's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104 and pursuant to 15 U.S.C. 1692k(a)(3);

D. Such other relief as the Court shall deem meet and proper under the attendant circumstances.

>                             **DWAYNE C. EDWARDS**
>                             **ON BEHALF OF HIMSELF AND ALL**
>                             **OTHERS SIMILARLY SITUATED**

BY COUNSEL

Hamilton, Burgess, Young
    & Pollard, *pllc*


BY:   /s/ Jed R. Nolan
      Ralph C. Young  *(W. Va. Bar #4176)*
        ryoung@hamiltonburgess.com
      Christopher B. Frost  *(W. Va. Bar #9411)*
        cfrost@hamiltonburgess.com
      Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
        sbroadwater@hamiltonburgess.com
      Jed R. Nolan *(W. Va. Bar #10833)*
        jnolan@hamiltonburgess.com
      *Counsel for Plaintiff*
      P O Box 959
      Fayetteville, WV 25840
      304-574-2727